The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura Kranfield Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of the Stipulations section and the date plaintiff suffered an injury by accident that gave rise to his claim from November 17, 1990 to November 17, 1989.
The Full Commission finds as fact and concludes as a matter of law the following, which was entered into by the parties at the hearing as a:
STIPULATION
1. On or about November 15, 1992, plaintiff commenced activities that resulted in earnings and has continued in activities in the nature of sales of new and used furniture on a commission basis that have resulted in some earnings.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff returned to work for Frank's Used Furniture on November 15, 1992, as a salesman working on a commission basis. Initially, plaintiff was setting up the new store and earned no wages until March, 1993.
2. Plaintiff had the capacity to earn wages as of November 15, 1992. His average wage earning capacity while employed by Frank's was $114.23 per week.
3. Plaintiff continued to work at Frank's until quitting in July 1994 to establish his own business, Quality New and Used Furniture. There was no evidence presented concerning plaintiff's wages after July 1994.
4. At the hearing on August 8, 1994, the issue for determination before the Deputy Commissioner was whether the Plaintiff had returned to some type of gainful employment and earning wages. This was not an issue pending before the North Carolina Court of Appeals at the time of the hearing.
5. The North Carolina Court of Appeals issued an opinion on the issues pending before them in this case on September 5, 1995.
6. The hearing before the Full Commission was scheduled for September 29, 1995; however, plaintiff's counsel failed to obtain permission from the Industrial Commission to waive oral argument before the Full Commission pursuant to Industrial Commission Rule 701(8). Counsel for the plaintiff also failed to timely notify defense counsel that he planned to stand on his brief and waive oral argument before the Full Commission.
7. Defense counsel, being unaware of plaintiff's counsel's intentions, incurred four (4) hours of travel time from his office in New Bern to Raleigh and back. Additionally, defense counsel incurred attorney time in preparing for argument before the Full Commission, waiting to be heard, and delivering his oral argument.
* * * * * * * * * * * *
Based upon the foregoing Stipulation and Findings of Fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Pursuant to the Opinion and Award of the Full Commission entered on December 22, 1993, Plaintiff was entitled to receive temporary total disability benefits at a maximum compensation rate of $30.00 per week from November 17, 1989 until further order of the Commission. It is anticipated that this compensation rate will be modified by the Full Commission in accordance with the instructions given by the North Carolina Court of Appeals in their opinion issued on September 5, 1995.
2. As of November 15, 1992, Plaintiff had the capacity to earn wages and had an average wage earning capacity of $114.23 per week. Therefore, he had undergone a change of condition withing the meaning of N.C. GEN. STAT. § 97-47, justifying modification of the previous Award and the amount of compensation payable.
3. Since the North Carolina Court of Appeals has issued an opinion in this case with reference to the issues appealed by both parties, the jurisdictional issue raised by plaintiff's appeal to the Full Commission is hereby rendered moot and will not be addressed in this Opinion and Award.
4. Counsel for the plaintiff failed to comply with Industrial Commission rules with respect to appeals to the Full Commission and is therefore subject to sanctions under Industrial Commission Rule 802.
* * * * * * * * * * * *
ORDER
1. As of November 15, 1992, plaintiff had the capacity to earn wages and had an average wage earning capacity of $114.23 per week.
2. The issue of plaintiff's average weekly wage has been determined in an opinion issued by the North Carolina Court of Appeals, so any determination of diminution of earnings after November 15, 1992 shall be made by subsequent Opinion and Award by the Commission.
3. Plaintiff's counsel shall pay attorney's fees to defense counsel in the amount of $800.00. These attorney's fees are assessed personally against plaintiff's counsel and shall not be paid out of any award made to the plaintiff in reference to his pending claim with the Industrial Commission.
4. Defendants shall pay the costs due this Commission for the initial hearing before the Deputy Commissioner and each side shall bear its own costs for hearing before the Full Commission.
 S/ _________________________ CHRYSTAL REDDING STANBACK DEPUTY COMMISSIONER
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________________ LORRIE L. DOLLAR